Commonwealth *v.* Marsh, Appellant.

Argued May 5, 1970.   Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

rear-gument refused December 28, 1970.

*James D. McDonald, Jr.,* with him *Quinn, Plate, Gent, Buseck & Leemhuis,* for appellant.

*Robert B. McCullough,* Assistant District Attorney, with him *William E. Pfadt,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 9, 1970:

On November 15, 1966, the appellant, Vernon C. Marsh, in the presence of self-retained counsel, entered a general plea of guilty to an indictment charging him with the murder of Bruno C. Roehrl. After a hearing before a three-judge court, he was adjudged guilty of murder in the first degree, and sentenced to imprisonment for life. No appeal from the judgment was then filed.

In November 1967, March instituted proceedings seeking post-conviction relief. After an evidentiary hearing, the court concluded that Marsh had been denied his constitutional right to the assistance of counsel in the filing and prosecution of an appeal as mandated by *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), and granted him permission to file motions for a new trial and in arrest of judgment as if timely filed. Such motions were then filed, and subsequently dismissed. This appeal followed.

The basic contention is that the plea of guilty should be invalidated because it was primarily induced or motivated by the existence of incriminating evidence obtained by the police through means which violated Marsh's constitutional rights. This evidence consisted of an oral and a written statement given by Marsh to the police, allegedly under coercive circumstances and in the absence of the complete warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966), as well as a gun and bullets allegedly seized in an unlawful search.

Whether or not a guilty plea should be invalidated on this ground was the central question for decision in the recent cases of *McMann v. Richardson,* 397 U.S. 759, 90 S. Ct. 1441 (1970), and *Parker v. North Carolina,* 397 U.S. 790, 90 S. Ct. 1458 (1970), wherein the defendants sought relief in the federal courts from con-

victions resulting from guilty pleas entered in state courts. The United States Supreme Court there held that a defendant must demonstrate *all* of the following to successfully collaterally attack a plea of guilty on such grounds: (1) an involuntary pretrial confession (or presumably any other constitutionally infirm incriminating evidence); (2) that the guilty plea was primarily motivated by such evidence; and, (3) that defendant was incompetently advised by counsel to plead guilty, in the circumstances, rather than stand trial. In fact, the Court ruled that a defendant is not even entitled to a hearing in the federal courts on the mere allegation that his otherwise valid guilty plea was primarily motivated by an involuntary pretrial confession. And this is so even in those instances where there is an absence of proof other than the evidence of questionable evidentiary use.

As the Court pointed out, conviction after a plea of guilty is based not on the evidence in the hands of the prosecution, which may include a pretrial confession, but rather upon the defendant's own admission in open court that he committed the crime. The key question is whether the defendant had the opportunity to make a reasonable choice. The existence of an involuntary confession does not, in itself, demonstrate that the defendant did not make a reasonable choice, and thus it cannot establish, in itself, that the plea was not intelligently and knowingly entered.

In speaking of what constitutes incompetent advice by counsel, the Court in *McMann*, supra, stated that the showing of a mere miscalculation of otherwise competent counsel in assessing the admissibility of evidence by means which may not have conformed with constitutionally-required standards is not sufficient to establish that the plea was not intelligently and knowingly entered. There must be a showing of gross error on the part of counsel. As long as the advice rendered was

within the ambit of that which could reasonably be given by counsel in a criminal case in the circumstances, there is no showing of "incompetent" counsel.

We recognize that we could fix more exacting standards than those enunciated in *McMann, supra,* and *Parker, supra,* for our courts to follow in determining the validity of conviction resulting from guilty pleas, and some of our previous decisions may have been so interpreted, but we intend to adhere to the rulings in *McMann, supra,* and *Parker, supra.*

With the foregoing in mind, we now turn to the instant case.

Marsh contends that there was incriminating evidence in the hands of the prosecution secured by the police under circumstances not meeting constitutional standards; that the court erroneously refused a motion to suppress this evidence; and that its existence was the primary motivation for his guilty plea. He does not maintain nor does the record demonstrate that his counsel's advice to plead guilty was incompetent. Hence his attack on the validity of the plea must fail, and the lower court correctly rejected this challenge.

Nevertheless, in pleading guilty generally to a murder indictment, a defendant does not thereby waive his right to object to the admission of improper evidence which will bear on the degree of guilt and the punishment to be imposed. *Commonwealth v. Garrett,* 425 Pa. 594, 229 A. 2d 922 (1967), and *Commonwealth ex rel. Sanders v. Maroney,* 417 Pa. 380, 207 A. 2d 789 (1965). Since a general plea to murder is sufficient, in itself, to sustain only a conviction of murder in the second degree and the adjudication of guilt in this case was of a higher degree, the question of the admissibility of the evidence at issue must be resolved.

In this connection, the record discloses the following: On February 10, 1965, Bruno C. Roehrl was shot and killed in Harborcreek Township, Erie County. On

February 16th, Marsh was taken into custody and held for several hours by officers of the Pennsylvania State Police and questioned about the killing. He was also given a lie detector test. Admittedly, no warnings of any constitutional rights were given to Marsh before or during the questioning, but nothing of an incriminating nature resulted, and Marsh was released from custody without any charges being preferred.

On February 23, 1966, Marsh was again taken into custody and questioned about the killing by a Detective Sergeant of the Pennsylvania State Police. During this questioning, Marsh made an oral and a written incriminating statement. As indicated before, a timely motion to suppress this evidence was refused, and it was admitted, over objection, during the proceedings to determine the degree of guilt.

At the suppression hearing, there was ample testimony to support a finding that before the questioning of February 23, 1966, commenced, Marsh was given warnings of constitutional rights purporting to conform with those required by *Miranda,* supra. However, it is argued that those warnings were incomplete, specifically, that Marsh was not told of his right to the assistance of "free counsel" during the questioning, if he were indigent. If this contention be correct, since the plea was entered subsequent to the effective date of *Miranda,* supra, evidence of the incriminating statements would not properly be admissible during the plea proceedings. For, to effectively waive his right to counsel at the pertinent time, it must clearly appear that Marsh was told or was aware of all of his rights in connection therewith. *Commonwealth v. Yount,* 435 Pa. 276, 256 A. 2d 464 (1969); *Commonwealth v. Dixon,* 432 Pa. 423, 248 A. 2d 231 (1968).

A reading and rereading of the relevant testimony on the issue presented leaves us in doubt, and therefore,

we cannot say that, from the record, it clearly appears Marsh was told or was aware of all of his rights. The interrogating police officer testified in pertinent part: ". . . he [Marsh] was told that he had the right to an attorney and if he could not afford one, one would be obtained for him." We are not persuaded that this, in itself, fully apprized Marsh of his right to the assistance of counsel without charge if he were indigent.

After the incriminating statements were received from Marsh by the police, they accompanied him to his residence, where a search without a warrant ensued. A gun and bullets were found and seized. A motion to suppress this evidence was also refused in the court below, and it was likewise admitted, over objection, at the proceeding to determine the degree of guilt. The warrantless search involved was not "incidental" to Marsh's arrest nor was it confined to the area thereof; hence, it did not comply with constitutional standards, and the use of evidence resulting therefrom was constitutionally proscribed. *Chimel v. California,* 395 U.S. 752, 89 S. Ct. 2034 (1969).

Since use of constitutionally proscribed evidence was permitted during the hearing to determine the degree of guilt, the judgment must be vacated and the record remanded for a new hearing wherein the degree of guilt can be determined consistent with due process.

It is so ordered.

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I concur fully in the majority's determination that appellant's incriminating statements were unconstitutionally obtained. I likewise agree that the warrantless search of his residence was invalid and that the fruits of that search were improperly admitted into evidence at the degree of guilt hearing.

I must dissent, however, from the majority's rejection of appellant's attempt to have his plea of guilty vacated. Today's majority decision newly adopts for this Commonwealth the principles recently announced by the United States Supreme Court in *McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441 (1970). Henceforth, "a defendant who alleges that he pleaded guilty because of a prior coerced confession is not, *without more*, entitled to a hearing on his [post conviction] petition . . ." *Id.* at 771, 90 S. Ct. at 1449 (emphasis added). This is a distinct departure from our previous decisions. "In Commonwealth v. Garrett, 425 Pa. 594, 597-98, 229 A. 2d 922, 925 (1967), we announced the rule that a defendant who had pled guilty at trial could nevertheless challenge an allegedly coerced confession collaterally, provided he could prove that the plea was primarily motivated by the confession." *Commonwealth v. Baity*, 428 Pa. 306, 307, 237 A. 2d 172, 173 (1968).

As appellant could have reasonably relied upon this Court's previous pronouncements in *Garrett* and *Baity*, it would be most unfair to bar his claim on the basis of today's sudden change in the applicable law. He deserves, at the least, an opportunity to amend his motions for new trial and in arrest of judgment. Given such an opportunity, appellant might be able to make further material allegations concerning his 1966 guilty plea, possibly satisfying the more demanding requirements which the majority adopts today.

———

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE POMEROY:

I concur in the decision of the Court that the judgment should be vacated and the record remanded for a new hearing on the degree of guilt. I am unable to agree, however, that the lower court erred at the sup-

pression hearing in not finding that the appellant had not been properly warned of his right to counsel.

Under *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694 (1966), ". . . it is necessary to warn [the accused] not only that he has the right to consult with an attorney, but also that if he is indigent a lawyer will be appointed to represent him. Without this additional warning, the admonition of the right to consult with counsel would often be understood as meaning only that he can consult with a lawyer if he has one or has the funds to obtain one."

In the present case, as the opinion of the Court indicates, the police officer testified without contradiction that the appellant "was told that he had the right to an attorney and that if he could not afford one, one would be obtained for him." I am unable to see wherein this statement does not comport with the warning prescribed by *Miranda.* Appellant argues that the adjective "free" was not used in this warning in connection with the word "lawyer", but there is no requirement either by the United States Supreme Court or in our own prior decisions that the word "free" must be used in this connection.

Mr. Chief Justice BELL joins in this concurring and dissenting opinion.