Commonwealth *v.* Ganss, Appellant.

Submitted September 28, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Michael M. Mamula,* Public Defender, for appellant.

*Robert F. Hawk,* Assistant District Attorney, and *John H. Brydon,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice O'Brien, November 12, 1970:

On April 30, 1962, after a jury trial, appellant was found guilty of burglary, arson, armed robbery and murder in the first degree. The jury fixed the penalty for murder at death. On June 17, 1964, a new trial was granted appellant for reasons not relevant to our determination of the instant appeal. On August 5, 1964, appellant's counsel filed notice with the court that the appellant, with the consent of the members of his family (appellant was nineteen years old at the time) would enter a general plea of guilty to the charge of murder and a plea of guilty to the other charges.

On October 5, 1964, the appellant formally entered his pleas of guilty at his arraignment before the court en banc. After a trial to determine degree of guilt, the court en banc found appellant guilty of murder in the first degree and sentenced him to life imprisonment, which sentence was made concurrent with the separate, consecutive sentences of ten to twenty years on the other charges.

In July, 1968, appellant filed a post-conviction petition alleging that his guilty plea was not knowingly and voluntarily made, and that his plea was motivated by an unconstitutionally obtained confession. Appellant's petition also alleges that he did not knowingly waive his right to appeal from the 1964 sentence and that a new trial should be granted because the court erred in referring to appellant's allegedly unconstitutional confession in reaching the degree of guilt and subsequent sentence.

Appellant complains that there was no on-the-record colloquy at the time of the entry of his guilty plea to establish its voluntariness. This guilty plea antedates *Com. ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968). The decision in *West* was not made retroactive. In such circumstances the burden of establishing that his guilty plea was involuntarily entered is on the appellant.

Appellant was represented by counsel, and as the Court of Appeals for the Third Circuit stated in *U.S. ex rel. Grays v. Rundle,* 428 F. 2d 140 (Third Circuit, 1970): "Where the defendant pleads guilty with the advice of counsel, however, there is no reason to presume that he was ignorant of the nature of the charge or the consequences of the plea. Indeed, the more rational assumption is that all the necessary considerations which should have been recorded at the guilty plea proceedings were canvassed with him by his counsel before the decision to plead guilty was reached. In such a case, therefore, even though the record is silent, we should presume that the plea of guilty was voluntarily entered as an independent and knowing act rather than presume the contrary." See *Commonwealth v. Brandon,* 440 Pa. 147, 269 A. 2d 653 (1970).

In the instant case, there is ample reason to presume that the guilty plea was voluntarily entered. As

indicated above, appellant had been tried and found guilty by a jury and sentenced to death. He had been informed by counsel that his chances of avoiding the death penalty would most likely be enhanced by a guilty plea. As the court below indicated, the record clearly supports the view that the plea was entered in what proved to be a successful attempt to avoid the death penalty.

Nor has appellant established that his guilty plea was motivated by the existence of an allegedly illegally obtained confession. In guilty-plea cases where there is an allegation of coercive factors motivating the plea, such as an unconstitutional confession, appellant bears the burden of establishing such coercive motivation. *U.S. ex rel. Grays v. Rundle, supra; Commonwealth v. McBride,* 440 Pa. 81, 269 A. 2d 737 (1970). The record in the instant case supports the conclusion of the post-conviction hearing judge that the confession in question was voluntary. Be that as it may, however, appellant has not established that its existence motivated his guilty plea. The record in this case, as previously indicated, leads inexorably to the conclusion that the guilty plea was motivated solely by a desire to avoid the death penalty and not by the existence of a confession, whether or not voluntary.*

Appellant also complains of the use of that confession at the degree of guilt hearing. Once again irrespective of the voluntariness of the confession, it must be noted that no objection was made at trial to the introduction of the confession and in view of counsel's attempt to avoid the imposition of the death penalty,

---

* Nor has appellant alleged or proven that his counsel incompetently advised him on the admissibility of his confession as required by our recent decisions in *Commonwealth v. Marsh,* 440 Pa. 590, 271 A. 2d 481 (1970) ; *Commonwealth v. Rogers,* 440 Pa. 598, 269 A. 2d 449 (1970).

his failure to object, even assuming that he had concluded that the confession was involuntary, was a tactic within the permissible range of prudent representation of his client's interests.

Finally, appellant argues that he did not knowingly waive his right to appeal the 1964 sentence. He argues that the sentencing judge did not inform him of his right to appeal and that he was not aware of such right. As we have said, appellant was represented by counsel. The fact that he had appealed the previous death sentence indicates that appellant was indeed aware of a right to appeal a judgment of sentence. Aside from that, however, the post-conviction hearing record contains correspondence between appellant and his counsel in which counsel makes clear to appellant that he does have a right of appeal. Counsel also indicates to appellant that he, counsel, can find no reasonable grounds for appeal, but the availability of appeal is plainly made known to appellant.

The record in this case conclusively supports the position of the post-conviction hearing judge, who said:

"The plea of guilty to murder was entered not because of the confession but in a successful effort to avoid the death penalty. . . .

"The petitioner knew that he had the right to a trial by jury. He knew that he had the right to appeal the sentences. He had counsel and he knew that he had the right to counsel to represent him at all stages of the proceedings at the expense of Butler County.

"The constitutional rights of this petitioner were fully protected by his counsel and by the court."

Order affirmed.