Commonwealth *v.* Parson, Appellant.

Submitted March 8, 1971.   Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John H. Chronister,* Assistant Public Defender, for appellant.

*Robert J. Wire, Jr.,* Assistant District Attorney, and *Harold N. Fitzkee, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., June 22, 1971:

This is an appeal from the order of the Court of Common Pleas, Criminal Division, of York County, denying the petition of the appellant-defendant, John

Parson, for an appeal, nunc pro tunc, under the Post Conviction Hearing Act. The appellant was tried and found guilty of the charge of larceny in May, 1966. Post-trial motions were filed, argued and dismissed. He was sentenced to a term of two to five years.

He was represented by competent private counsel at trial and at the argument of the post-trial motions. Private counsel filed an appeal to this Court, but failed to prosecute it and on December 10, 1968, this Court entered an order of non pros.

The record shows that on September 11, 1968, his counsel petitioned this Court to withdraw on the ground of the failure of the appellant to cooperate with him. The petition was dismissed, but it was directed that the case be placed on the December, 1968 list and if it were not then argued, a petition for non pros. would be entertained. It was not argued and the order of non pros. was entered on December 10, 1968.

This appeal from the order of the court below dismissing his petition for a new appeal nunc pro tunc is based on his contentions that he was not aware of the fact that the appeal was allowed to lapse for lack of prosecution and, further, that he was unaware of his constitutional right to free counsel. Both of these contentions are not borne out by the record.

The testimony discloses that the appellant engaged the services of a Philadelphia attorney and paid him the sum of $1300.00 to handle the case. The Philadelphia attorney referred the case to local counsel in York County and forwarded to him a fee of $350.00. He indicated at the hearing that he was financially able to pay for whatever legal services were required, not only for trial, but for appeal, and his arrangements bear this out.

The appellant claims that he understood that the $1300.00 paid to the Philadelphia counsel was to cover

all costs in the case including appeal and this may well be true, but this raises a controversy between the appellant and his counsel, but does not establish indigency.

The appellant's claim that he was not aware of the fact that the appeal was allowed to lapse is not borne out by the record. His counsel claims he knew of the appeal and failed to cooperate in prosecuting it. The appellant's private counsel in his petition to the Court to withdraw, alleged, inter alia, that he had "exhausted all means to communicate with the defendant and has been unable to do so and the defendant since the filing of the appeal on November 13, 1967, has failed or refused to communicate with the attorney."

The District Attorney did not file a formal answer to this petition, but opposed the withdrawal and further continuance of the case, pointing out that although the defendant had a record of past criminal activities, he was out on bail since 1966.

The court below found: "He further indicated that after the conviction took place and sentence was imposed, he was at that time financially able to pay whatever costs might have been incident in the taking of an appeal." The court below found as a fact that the appellant was not indigent and was able to employ counsel to represent him and did so employ counsel, and, that, therefore, he did not bring himself within the scope of *Douglas v. California,* 372 U.S. 353, 9 L. ed. 2d 811, 83 S. Ct. 814 (1963). The record indicates that even at the date of the hearing, when represented by free counsel, he had assets of an automobile and funds available from relatives so that even then, the burden of counsel should not have been placed on the taxpayers.

*Douglas v. California,* supra, held that when a defendant indigent is forced to run the gauntlet of a preliminary showing of merit, the right to appeal does not

comport with fair procedure. The only question in this appeal is indigency. As Justice DOUGLAS, who wrote for the majority, put it, at page 815: "The present case, where counsel was denied petitioners on appeal, shows that the discrimination is not between 'possibly good and obviously bad cases,' but between cases where the rich man can require the court to listen to argument of counsel before deciding on the merits, but a poor man cannot."

The complaint that he had no knowledge of his constitutional right to free counsel is without merit as this right does not arise unless he is an indigent.

Order affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

I believe that the issue involved in the instant case is whether appellant waived his right to appeal because of his unavailability to consult with counsel.

In order to put the issue of waiver in proper perspective, a brief synopsis of the facts is necessary: Appellant was arrested on a charge of larceny, and paid a Philadelphia lawyer $1,300 to handle his case to completion. This attorney in turn referred the case to an attorney in York County, who received a fee of $350. After a jury trial appellant was found guilty, and immediately indicated that he wished to appeal. His trial counsel filed the proper appeal papers the next day, but did not consult with appellant as to whether any additional fees were due. Appellant left the York attorney an address and phone number where he could be reached in Philadelphia. Trial counsel testified that he unsuccessfully tried to contact appellant on many occasions. On the other hand, appellant testified that he made numerous unsuccessful efforts to contact his counsel. Approximately ten months after sentencing the York County attorney filed a motion to withdraw

as counsel because he had been unable to communicate with his client. This motion to withdraw was dismissed, but the appeal was placed on the argument list. The appeal was not argued, and on order of non pros was entered.

The trial attorney testified that while the petition to dismiss the appeal was being considered, he received a phone call from appellant inquiring as to the status of his appeal. His reply to this question is not clear, but it is undisputed that shortly thereafter appellant sent his attorney an additional $100 fee.

On the basis of this testimony, the court below found as a fact that appellant was not indigent, and that "to [appellant's] knowledge he did in fact employ counsel for [the purpose of appeal] and paid counsel for that purpose." Apparently, the court distinguished the appellate rights which must be afforded an indigent defendant as opposed to one who has employed counsel. Clearly, if appellant were indigent, he would have had an absolute right to counsel who would prosecute his appeal through the appellate courts. *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963). A defendant who can afford to employ counsel has a similar right to expect his attorney to effectively prosecute his appeal. "It would be anomalous indeed to hold that an indigent defendant must be given greater safeguards than his financially solvent counterpart." *Commonwealth v. Payton*, 431 Pa. 105, 107, 244 A. 2d 644, 645 (1968).

Clearly, appellant, however misguided or naive, was under the impression that his appeal was still being prosecuted, and fully intended that it be prosecuted. Although he was aware that his appeal had been allowed to lapse, he was not informed of this fact until after it had actually happened. In these circumstances there was certainly not the "intentional relinquishment

or abandonment of a known right", which must be shown to establish a waiver of the right to appeal. Cf. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938).

Accordingly, I would grant appellant the right to appeal nunc pro tunc.

MONTGOMERY and SPAULDING, JJ., join in this dissenting opinion.