Vernon Carl **MARSH**

v.

**J. F. MAZURKIEWICZ, Superintendent State Correctional Institution at Rockview, Bellefonte, Pennsylvania.**

**Civ. A. No. 11–73 ERIE.**

United States District Court,
W. D. Pennsylvania.
March 18, 1974.

784

James D. McDonald, Jr., Erie, Pa., for plaintiff.

R. Gordon Kennedy, Dist. Atty., of Erie County, Erie, Pa., for defendant.

## OPINION

WEBER, District Judge.

Vernon Carl Marsh is a state prisoner currently serving a sentence of life imprisonment for the first degree murder of Bruno C. Roehrl. Marsh filed a petition for a writ of habeas corpus and was granted an evidentiary hearing before this court.

On February 16, 1965, six days after Roehrl was killed, the petitioner was apprehended by state police officers. During the ensuing eleven hours of his detention by the state police, Marsh's home was searched without a warrant. Neither the search nor Marsh's interrogation produced incriminating evidence, however, and the suspect was released.

A little over a year later Marsh was again taken into custody and questioned by the state police. During this second interrogation Marsh incriminated himself first in an oral statement and later in a written confession. Immediately after his confession was secured police officers conducted a second warrantless search of Marsh's premises and found the murder weapon.

Marsh's trial counsel petitioned for pretrial suppression of the incriminating statements and the weapon. His application for relief in this matter was refused by the Court of Quarter Sessions of Erie County, Pennsylvania, on October 17, 1966, and exceptions to the findings of October 17, 1966 were dismissed by the court *en banc* on November 8, 1966.

One week later the defendant pleaded guilty to a general charge of murder. At the subsequent degree of guilt trial the confession and the weapon were introduced into evidence. Marsh was found guilty of first degree murder and was later sentenced to life imprisonment. The Supreme Court of Pennsylvania reversed the first degree verdict, however, and remanded the case for a new trial limited to the issue of degree of guilt. The court held that Marsh's incriminating statements and the real evidence which was the fruit of those statements were constitutionally proscribed and were to be suppressed at the new trial. Commonwealth v. Marsh, 440 Pa. 590, 271 A.2d 481 [1970], (hereinafter *Marsh* I).

The court in *Marsh* I refused to invalidate Marsh's guilty plea even though Marsh alleged that an involuntary confession had motivated the plea. In deciding this issue the court adopted for Pennsylvania the United States Supreme Court decision in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L. Ed.2d 763 [1970]. In *McMann* it was held that a defendant must demonstrate more than an involuntary pretrial confession in order to successfully collaterally attack a guilty plea. It must also be shown that the confession motivated the plea and, further, that the defendant's counsel's advice to plead guilty was, under the circumstances, incompetent. Because Marsh had neither alleged nor demonstrated that his trial counsel's advice to plead guilty was incompetent, his attack on the validity of his plea was held to be insufficient.

On remand Marsh successfully petitioned to have his testimony from the first degree of guilt hearing suppressed but was unsuccessful in his further attempts to withdraw his guilty plea. The Court of Common Pleas of Erie County

heard only the question of his degree of guilt. Before the rehearing on degree of guilt there were frequent negotiations between Marsh's trial counsel and the office of the District Attorney of Erie County. Those negotiations culminated in a stipulation that the evidence supported a finding of no higher a degree of guilt than second degree and an agreement by Marsh to forego any further appeals attacking the validity of his guilty plea. After judicial approval of the stipulation and agreement was refused, the Court of Common Pleas of Erie County, sitting *en banc,* held the retrial. Marsh was again found guilty of murder in the first degree and was again sentenced to life imprisonment.

Motions for a new trial and arrest of judgment were dismissed by the Court of Common Pleas of Erie County *en banc* and the verdict and sentence were affirmed by the Supreme Court of Pennsylvania in Commonwealth v. Marsh, 448 Pa. 292, 293 A.2d 57 [1972] (hereinafter *Marsh* II). Among the errors claimed by the appellant in *Marsh* II was the refusal of the lower state courts to invalidate his plea of guilty to the general charge of murder. The insufficiency (under the *McMann* requirements) of a similar claim in *Marsh* I was corrected in *Marsh* II by the addition of an allegation that the guilty plea was motivated by improper advice of counsel. But the court again refused to nullify the guilty plea. It was specifically held in *Marsh* II that the advice rendered by Marsh's trial counsel was not, under the circumstances, incompetent.

At the evidentiary hearing held by this court the testimony of Marsh's trial counsel was heard. As a result of our consideration of that testimony and of the law prevailing at the time trial counsel advised petitioner we concur with the findings of the state court that the advice of counsel was not incompetent. However, because of an apparent change in Pennsylvania law (which is discussed below) occurring after the court's

evidentiary hearing, but before the filing of this opinion, the competency of counsel issue is no longer material.

In his present petition for federal habeas corpus relief the petitioner again claims, inter alia, that the refusal of the state courts to allow the withdrawal of his guilty plea constitutes a violation of his right to due process of law. At the time the petition was filed the controlling authority in Pennsylvania on the validity of the plea in question was *McMann* as adopted in *Marsh* I. Were *McMann* still controlling in Pennsylvania we have no doubt that the petitioner, having presented a complaint legally sufficient under *McMann* in his appeal, in *Marsh* II, would be without a state remedy on this issue. But it now appears that the recent decision of the Supreme Court of Pennsylvania in Commonwealth v. Wayman, 454 Pa. 79, 309 A.2d 784 [1973], has effected a substantial change in the law applicable to the validity of Marsh's plea. We note in the dissenting opinion of Mr. Justice Pomeroy that *Wayman* has overruled *sub silentio* the decision in Commonwealth v. Marsh, 440 Pa. 590, 271 A.2d 481 [1970].

As we understand *Wayman* it is now possible to successfully attack a guilty plea in a Pennsylvania court by showing only that the existence of an involuntary pretrial confession motivated the plea. No longer, apparently, is it also necessary to demonstrate ineffective advice of counsel. Subsequently announced but retroactively applied constitutional rights are available on a direct appeal *nunc pro tunc,* or by a Pennsylvania Post Conviction Hearing Act petition in Pennsylvania. We believe that the petitioner may now seek relief in the Courts of Pennsylvania on the sole allegation of the connection between his involuntary confession and his guilty plea.

Whether we consider the *Wayman* decision as having subsequently announced a constitutional right or whether we consider the petitioner's due proc-

ess claim as a new issue in light of *Wayman*, we must deny the petition for a failure to exhaust state remedies. See James v. Copinger, 428 F.2d 235 [4th Cir. 1970]; Subilosky v. Commonwealth of Massachusetts, 412 F.2d 691 [1st Cir. 1969].