390 A.2d 1362

**COMMONWEALTH of Pennsylvania**

v.

**Fred Edward MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided July 12, 1978.

Michael A. Seidman, Philadelphia, for appellant.

Eric B. Henson and Michael R. Stiles, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Our Supreme Court remanded this case to the lower court for the purpose of conducting an evidentiary hearing on appellant's alleged ineffective assistance of counsel claim. *Commonwealth v. Moore,* 466 Pa. 510, 353 A.2d 808 (1976). The lower court, in compliance, held a full hearing to consider appellant's petition as under the Post Conviction Hearing Act. The Act of January 25, 1966, P.L. (1965) 1580, § 1, effective March 1, 1966; 19 P.S. § 1180–1 et seq.

█  At the evidentiary hearing, the court considered the failure of counsel to move for the suppression of appellant's confession, and determined that counsel was not required to do a useless act in that the Commonwealth had sustained its burden of showing that the statement was voluntary.

█  The court also considered counsel's actions with regard to his failure to call appellant as a witness and made a finding that appellant could have testified had he so desired.

Finally, on the matter of counsel's failure to effectively attack the credibility of a Commonwealth witness, it was determined that the cross-examination in question was both searching and probing.

Based on the foregoing, we agree with the lower court's finding that counsel's actions had a reasonable basis designed to effectuate his client's interests, and was therefore effective. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

Order affirmed and the judgments of sentence of the lower court are therefore reinstated, and the appellant-defendant shall appear as directed by the lower court for the performance of his sentence.

SPAETH, J., files a concurring opinion in which HOFFMAN, J., joins.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

On this appeal from the dismissal of his Post Conviction Hearing Act petition appellant contends that his trial counsel was ineffective for not filing a motion to suppress on the basis that his confession was the fruit of an illegal arrest. However, at the PCHA hearing appellant contended that counsel was ineffective for failing to move to suppress his confession on the basis that it was involuntary. The lower court only received and considered evidence on the theory of the voluntariness of the confession. Accordingly, appellant's alternative theory is waived. *Commonwealth v. Payton*, 431 Pa. 105, 244 A.2d 644 (1968).

HOFFMAN, J., joins in this opinion.