**Commonwealth v. White**

C.P. of Lawrence County, no. 80 of 2009.

*William J. Flannery, assistant district attorney,* for Commonwealth.

*William M. Panella,* for defendant.

COX, *J.,* December 21, 2010—In the current matter, the defendant Alvin George White, Jr., has filed a petition for post-conviction collateral relief, in which he argues that his trial counsel was ineffective because counsel failed to properly inform the defendant about a plea agreement tendered by the Commonwealth when the jury was deadlocked during deliberations, in which the Commonwealth proposed a term of incarceration of not less than 15 months nor more than 30 months in a state correctional facility plus five years state probation.

On January 10, 2009, at approximately 9:30 p.m., Nathan Smith and his girlfriend Mercedes Egbert walked from their residence at 1015 South Mill Street, New Castle, Lawrence County, Pennsylvania, to Country Fair convenience store located at the corner of Reynolds Street and Mill Street in New Castle. As they walked, they were stomping down snow that was on the ground. Prior to entering Country Fair, Mr. Smith and Ms. Egbert used a nearby pay phone where they were confronted by the defendant, who asked Mr. Smith why he was playing in

the snow. The defendant also asked them for a quarter and then changed his request to a quart of oil. The defendant pointed out his vehicle and said that it was inoperable because it needed oil. Mr. Smith offered to buy him a quart of oil and the defendant insisted that he felt more comfortable buying the oil himself. Mr. Smith refused to give the defendant money, but still offered to buy the quart of oil for him. The defendant also began a conversation with Mr. Smith about religion and Mr. Smith invited the defendant to attend church in Aliquippa, Pennsylvania.

Mr. Smith and Ms. Egbert subsequently entered Country Fair and they were informed by the security guard to be careful when dealing with the defendant. They were alarmed by the statements from the security guard and decided to run home. As they proceeded to their residence, they noticed the defendant start his vehicle. They continued to run to the corner of Mercer Street and Phillips Street until they were stopped by the defendant's vehicle. The defendant asked why they were avoiding him. Mr. Smith noticed that there was a female in the vehicle with the defendant. It appeared to Mr. Smith and Ms. Egbert that the defendant was angry and the defendant informed Mr. Smith that "things were not going to go well for him." At that time, Ms. Egbert called 911 to receive assistance from police officers. Mr. Smith stated that he could see into the vehicle and the defendant was in possession of a firearm. Ms. Egbert could also see the firearm, even though she was standing by the rear portion of the vehicle. Eventually, the defendant drove away. Soon thereafter, Officer Stephen Brooks of the New Castle Police Department arrived at the scene and spoke with Mr. Smith and Ms. Egbert.

Moreover, Officer John George, also from the New Castle Police Department, received a "Be On The Look Out" dispatch or BOLO for a red Dodge Neon that was involved in the altercation with Mr. Smith and Ms. Egbert. He located the vehicle on Pin Oak Drive in New Castle, Pennsylvania. He searched the vehicle and did not find a firearm. The police officers arrested the defendant and charged him with criminal attempt to commit robbery[1], terroristic threats[2], simple assault[3] and criminal attempt to commit theft by unlawful taking[4]. The defendant's trial commenced on September 21, 2009, and concluded on September 23, 2009.

During jury deliberations, the jury indicated to the court that they were deadlocked and could not reach a unanimous verdict. The court summoned the attorneys into chambers to discuss the issue presented by the jury. At that time, the Commonwealth offered the defendant a plea deal, which included recommending a term of incarceration of not less than 15 months nor more than 30 months plus five years of probation. Larry J. Keith, Esquire, the defendant's trial counsel and employee of the office of the public defender, left chambers and informed the defendant that the Commonwealth tendered the plea offer. He also instructed the defendant that the jury was "hung." However, Attorney Keith did not specifically inform the defendant as to what he meant by the jury

1. 18 Pa.C.S.A. §901.
2. 18 Pa.C.S.A. § 2706(a)(1).
3. 18 Pa.C.S.A. § 2701(a)(3). This charge was withdrawn by the court on September 21, 2009.
4. 18 Pa.C.S.A. § 901. This charge was also withdrawn by the court on September 21, 2009.

being "hung." The defendant insists that he was under the impression that the trial was over and it was a mistrial. Attorney Keith and Dennis A. Elisco, Esquire, another employee of the office of the public defender, testified that they did not recall informing the defendant the jury was merely deadlocked and the court was permitting them to further deliberate before declaring a mistrial. It must be noted that Attorney Elisco assisted Attorney Keith at every juncture of the defendant's case and was present in the courtroom to aid Attorney Keith, if necessary, in resolving the jury's question. He also observed the proceedings and had prior discussions with the defendant through his employment with the office of the public defender. Attorney Elisco explained that he emphatically instructed the defendant to accept the plea bargain. However, according to Attorney Elisco, the defendant was adamant that he was innocent and wanted to proceed to a jury verdict. At some point, the court informed members of his staff to have the jury prepare to enter the courtroom to receive further deliberation instructions from the court. But, as this was being done, the jury indicated that they wanted more time to deliberate, which the court granted. Shortly thereafter, the jury returned a verdict of guilty on the charges of criminal attempt to commit robbery and terroristic threats.

Now, the defendant claims that his trial counsel was ineffective for failing to properly instruct him on the effect of a deadlocked jury and for failing to properly inform him of the plea offer proposed by the Commonwealth.

To establish a claim for ineffective assistance of

counsel, a defendant must prove each of the following: "1) an underlying claim of arguable merit; 2) no reasonable basis for counsel's act or omission; and 3) prejudice as a result, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." *Commonwealth v. Cooper,* 596 Pa. 119, 133, 941 A.2d 655, 664 (Pa. 2007) (citing *Commonwealth v. Carpenter,* 555 Pa. 434, 725 A.2d 154, 161 (Pa. 1999)). Counsel is presumed to be effective and the burden is on the defendant to prove otherwise. *Commonwealth v. Jones,* 942 A.2d 903, 906 (Pa. Super. 2008) (citing *Commonwealth v. Pond,* 846 A.2d 699 (Pa. Super. 2004)). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Sneed,* 587 Pa. 318, 899 A.2d 1067 (Pa. 2006) (citing *Commonwealth v. (Michael) Pierce,* 567 Pa. 186, 216-219, 786 A.2d 203, 221-223 (Pa. 2001); *Commonwealth v. Albrecht,* 554 Pa. 31, 46, 720 A.2d 693, 701 (1998)).

Counsel is effective if the court can determine that the course of action has some reasonable basis designed to effectuate the client's interest. *Commonwealth v. Sisco,* 482 Pa. 459, 462, 393 A.2d 1197, 1199 (Pa. 1978). "Ineffective assistance of counsel can only be found 'if the defense actually tendered was so insubstantial in relation to those offered as to cast doubt upon the hypothesis that trial counsel made a deliberate informed choice.'" *Commonwealth v. Hill,* 450 Pa. 477, 480, 301 A.2d 587, 590 (Pa. 1973) (quoting *Commonwealth v. Ganss,* 440 Pa. 602, 606, 271 A.2d 224, 226 (Pa. 1970)). The jury's verdict will not be disturbed, where counsel's actions are

within the realm of reasonable trial tactics. *Commonwealth v. Karabin*, 493 Pa. 249, 253, 426 A.2d 91, 93 (Pa. 1981) (citing *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (Pa. 1967)). The Pennsylvania Supreme Court has adopted the two-prong test to determine ineffective assistance of counsel established by the United States Supreme court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 LEd.2d 674 (Pa. 1984). This test sets forth that the defendant must prove each of the following: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Commonwealth v. Bolden*, 512 Pa. 468, 517 A.2d 935 (Pa. 1986) (quoting *Strickland*, supra.). The prejudice requires the defendant show that but for his counsel's ineffectiveness the result would have been different. *Commonwealth v. Pierce*, 515 Pa. 153, 161, 527 A.2d 973, 976 (Pa. 1987). It must be noted that there is a presumption that counsel was effective. *Id.*, 515 Pa. at 159, 527 A.2d at 975.

The court addressed the issue as to whether trial counsel's failure to adequately inform a criminal defendant about the possible risks and benefits of a plea agreement met the requirements for ineffective assistance of counsel in *Commonwealth v. Chazin*, 873 A.2d 732 (Pa. Super. 2005). In that case, the appellee entered a negotiated guilty plea to one count of robbery, possessing instruments of crime and criminal conspiracy stemming from a gunpoint hold-up of a delicatessen. The Commonwealth recommended a sentence of not less than nine years to not more than eighteen years incarceration for robbery and a consecutive term of twelve years reporting probation for criminal

conspiracy and a concurrent term of five years reporting probation for possessing instruments of crime. The Commonwealth also dismissed other charges filed against the appellee. The court accepted the negotiated plea and imposed the recommended sentence. The appellee filed a petition for post-conviction collateral relief asserting a claim of ineffective assistance of counsel against his first-appointed counsel for not adequately advising him of an earlier plea offer tendered by the Commonwealth, which presented a term of incarceration of not less than four years to not more than eight years. The appellee claimed that his original counsel failed to communicate and explain the terms of the earlier plea offer. The trial court granted the appellee's petition for post-conviction collateral relief. The Commonwealth appealed and argued that a plea offer is unenforceable until it is accepted by the trial court and the appellee's petition should be denied as he failed to demonstrate prejudice because there was no proof that the trial court would have accepted the proposed agreement.

The *Chazin* court explained that the appellee's claim had arguable merit as his counsel's failure to provide the appellee with advice regarding the initial plea offer deprived the appellee of the benefit of the shorter term of incarceration tendered in that plea offer. *Id.*, 873 A.2d at 735. The court then turned its attention toward whether the appellee was able to demonstrate that his trial counsel's deficient performance actually prejudiced his case. Moreover, the court instructed that the appellee was required to establish that: "(1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to

inform him of the plea offer; and (4) he was, prejudiced thereby." *Id.* (quoting *Commonwealth v. Copeland*, 554 A.2d 54, 61 (Pa. Super. 1988)). The court concluded with the Commonwealth's rationale that the appellee was unable to show prejudice because of the plea judge's announced refusal to accept a sentence that was so lenient. *Id.*, 873 A.2d at 736. The Pennsylvania Rules of Criminal Procedure provide the trial court with broad discretion to accept or reject proposed plea agreements. *Id.*, 873 A.2d at 737 (citing *Commonwealth v. Hudson*, 820 A.2d 720, 727-728 (Pa. Super. 2003)). The *Chazin* court reasoned, "[The appellee] presented no evidence at the [ineffective assistance of counsel] hearing that had he accepted the Commonwealth's original offer, the trial court...would have accepted the resulting plea bargain." *Id.* In fact, the court noted that, to the contrary, the evidence suggests that the trial court would have rejected the plea bargain. *Id.* The *Chazin* court held, "without evidence that the result of the plea bargain process would have been different had he been able to accept the Commonwealth's original offer, [the appellee] necessarily fails to satisfy the prejudice prong requisite to a finding of [ineffective assistance of counsel]." *Id.*, 873 A.2d at 738.

In the case subjudice, the defendant is arguing that his trial counsel was ineffective for failing to adequately inform him about the benefits and risks of a plea offer tendered by the Commonwealth while the jury was deadlocked during deliberations. It is important to note that the defendant chose to proceed to trial and his trial progressed to the point of jury deliberations before the Commonwealth tendered the plea bargain at issue in this

case. The jury indicated to the court that it had reached an impasse and was deadlocked at the time the plea bargain was proposed by the Commonwealth, but the court had not declared a mistrial. In fact, the court was not intending to declare a mistrial at that time and was preparing to instruct the jury to deliberate further; moreover, Attorney Elisco, who this court finds to be credible and emphatic in his recollection of the events, was present when trial counsel informed the defendant about the proposed plea bargain. Attorney Elisco testified that the defendant ardently rejected the plea agreement and maintained that he was innocent. Additionally, the defendant did not indicate that he would have accepted the plea bargain, even if it was adequately explained to him. The defendant chose to proceed to trial, decided to reject the plea bargain and permitted the jury to make its determination; now, the defendant is expressing a form of buyer's remorse in that he is not satisfied with the verdict that he received from the jury or the subsequent sentence and now wants the benefit of the plea bargain tendered by the Commonwealth.

Furthermore, there is no evidence in the record or presented by the defendant that the court would have accepted the plea agreement, if he chose to plead guilty at that time. As the court in *Chazin* ruled, there must be evidence that the court would have accepted the plea bargain in order for the defendant to establish the prejudice prong of the ineffective assistance of counsel analysis. Clearly, the defendant was unable to demonstrate that the court would have accepted the terms of the plea bargain tendered by the Commonwealth when the jury indicated that it was deadlocked. Thus, the defendant is unable

to establish that his trial counsel was ineffective in the current matter.

For the reasons set forth in this opinion, the defendant's petition for post-conviction collateral relief is denied.

## ORDER OF COURT

And now, December 21, 2010, this case being before the court on November 1, 2010, for a hearing on the petition for post-conviction collateral relief filed by the defendant, with both parties appearing, the Commonwealth of Pennsylvania, represented by counsel, William J. Flannery, Esquire, assistant district attorney for the County of Lawrence and the defendant, Alvin George White. In represented by counsel, William M. Panella, Esquire and after (missing) the following order and it is hereby ordered, adjudged

1. In accordance with the attached (missing) post-conviction collateral relief filed by the defendant is (missing)

2. The defendant is advised he has the right of appeal to the appellate courts from this order, and such appeal must be in writing and filed within thirty (30) days of this date or the right of appeal will be lost.

3. The defendant is further advised he has the right to legal counsel in filing such appeal and if he is financially unable to employ said counsel for said purpose, and if he meets the required standard of indigency, counsel for this purpose will be provided to him without cost.

4. The clerk of courts is directed to serve a copy of

this order of court upon counsel of record, William J. Flannery, Esquire, William M. Panella, Esquire and the defendant at his last known address contained in the file.