501 A.2d 667

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**David Paul DOSCH, Appellant.**

Superior Court of Pennsylvania.

Submitted May 13, 1985.

Filed Nov. 29, 1985.

104

Joseph E. Breman, Kittanning, for appellant.

George R. Kepple, District Attorney, Kittanning, for Commonwealth, appellee.

Before SPAETH, President Judge and, ROWLEY and WIEAND, JJ.

WIEAND, Judge:

David Paul Dosch was tried by jury and was found guilty of burglary and theft offenses. Although he filed post-trial motions, they were later withdrawn as part of a negotiated plea agreement. Pursuant to this agreement, Dosch entered pleas of guilty to numerous additional charges which related to an escape from the Armstrong County Prison. On November 24, 1981, Dosch was sentenced to prison for not less than five nor more than twenty years on the burglary conviction and to not less than two nor more than four years on the escape related offenses. The sentences were to run consecutively. No direct appeal was filed. On May 13, 1983, Dosch filed pro se a petition for relief under the Post Conviction Hearing Act. Counsel was appointed, and an evidentiary hearing was held. Thereafter, the court denied post conviction relief. On appeal therefrom, Dosch's primary argument is that his pleas of guilty to the escape related offenses were invalid (1) because they were part of an agreement requiring him to surrender his right to file post-trial motions in a separate proceeding and (2) because it was induced by the threat of a harsher penalty if he elected to go to trial. Dosch also argues that trial counsel was ineffective in the burglary case (1) because he failed to present a timely pre-trial motion to suppress appellant's

confession and (2) because he permitted appellant to waive an allegedly erroneous evidentiary ruling at his trial by withdrawing his post-trial motions. There is no merit in any of these contentions; and, therefore, we will affirm the order of the P.C.H.A. court.

■ The plea agreement required appellant to enter pleas of guilty to some of the escape related offenses—the remainder were to be nol prossed—and to withdraw the post-trial motions pending in the burglary and theft cases. In return, the Commonwealth agreed to recommend a five to twenty year sentence for burglary and theft and a consecutive sentence of two to four years for the escape related offenses.

Appellant's contention that the trial court should not have accepted his negotiated pleas is based upon language contained in the concurring opinion written in *Commonwealth v. Marsh*, 448 Pa. 292, 293 A.2d 57 (1972). In that case, the defendant had entered a plea of guilty to murder. Following a degree of guilt hearing he was adjudged guilty of murder of the first degree and sentenced to life imprisonment. He subsequently filed a P.C.H.A. petition and was able to obtain a new degree of guilt hearing. See: *Commonwealth v. Marsh*, 440 Pa. 590, 271 A.2d 481 (1970). The validity of his guilty plea, however, was upheld. Before the new degree of guilt hearing, Marsh entered a plea agreement wherein the Commonwealth was to stipulate that defendant's degree of guilt was no higher than murder of the second degree, and defendant was to agree not to pursue any further appeal challenging the validity of his guilty plea. The trial court refused to accept the plea agreement and, after a degree of guilt hearing, found the defendant guilty of first degree murder and sentenced him to life imprisonment. Marsh again appealed. A majority of the Supreme Court affirmed, holding that the trial court was not required to accept the agreement. *Commonwealth v. Marsh, supra* 448 Pa. at 295, 293 A.2d at 60. In a concurring opinion, the suggestion was made that it would have been error to sanction a plea arrangement by which a

defendant bargained away his right to appellate review of the validity of his plea of guilty. Such an arrangement, the author of the opinion concluded, would invite attempts to insulate convictions unlawfully obtained from appellate review. *Id.*, 448 Pa. at 299, 293 A.2d at 61–62 (Roberts, J., concurring).

Appellant urges us to adopt the rule advocated by the author of the Concurring Opinion. This we cannot do. A majority of the Supreme Court failed to join the concurring opinion; and, therefore, it did not precedentially alter the law of this Commonwealth. The existing state of the law was recited in *Commonwealth v. Stokes*, 294 Pa.Super. 529, 440 A.2d 591 (1982) as follows:

> It is beyond cavil that a defendant has an absolute right to appeal, *Pa. Const.* art. V, sec. 9, and the ultimate decision of whether to do so must be made by the defendant and not counsel. *Commonwealth v. Hertzog*, 492 Pa. [632, 639] 425 A.2d 329[, 333] (1981) (collects cases); *Commonwealth v. [Wilkerson]*, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980). At the same time, it is well settled that a defendant may waive the right to appeal, provided such waiver is a "knowing and intelligent" act on the part of a defendant. *Commonwealth v. Mika*, 277 Pa.Super. 339, [343,] 419 A.2d 1172, 117[4] (1980).

*Id.*, 294 Pa.Superior Ct. at 536–537, 440 A.2d at 595 (footnote omitted). In the instant case, appellant surrendered his right of post-trial review in one case and entered pleas of guilty in other cases in order to take advantage of specific sentence recommendations. Such an agreement was not invalid.

Moreover, in this case appellant has not argued that he should be allowed to reinstate his post-trial motions. His argument, rather, is that his pleas of guilty to the escape related charges were invalid because, as part of the same settlement package, he agreed to waive the right of review of the trial resulting in the conviction for burglary and theft. We reject this contention. It represents a non sequitur to the concerns expressed by the author of the

concurring opinion in *Marsh*. Appellant's pleas of guilty in this case were entered voluntarily with a full understanding of the rights he was surrendering. Sentence was thereafter imposed. He has failed to show any prejudice in the nature of manifest injustice sufficient to permit him to withdraw his pleas of guilty a year and a half after sentence was imposed. See: *Commonwealth v. Lesko*, 502 Pa. 511, 467 A.2d 307 (1983); *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973).

■ Appellant's allegation that his guilty pleas were unlawful because induced by the threat of a harsher sentence is not supported factually or legally. The testimony of trial counsel, which the P.C.H.A. court found credible, was that he had advised appellant that to have any control over the sentence to be imposed upon him, it would be necessary to enter into plea negotiations. This advice was correct. It did not render appellant's negotiated guilty pleas invalid. Moreover and in any event, a plea is not rendered involuntary merely because it is prompted by a belief that it will enable a defendant to obtain a more lenient sentence. See, e.g.: *Commonwealth v. O'Donnell*, 472 Pa. 25, 27, 370 A.2d 1209, 1210 (1977); *Commonwealth v. White*, 446 Pa. 378, 382, 288 A.2d 759, 761 (1972); *Commonwealth v. Phillips*, 248 Pa.Super. 400, 405–406, 375 A.2d 158, 160–161 (1977).

■ When appellant withdrew his post-trial motions, he thereby waived the right to obtain appellate review of evidentiary rulings which had been made during the trial resulting in verdicts of guilty. See: *Commonwealth v. Sheid*, 443 Pa. 82, 84–85, 278 A.2d 160, 161 (1971); *Commonwealth v. Flynn*, 295 Pa.Super. 513, 517–519, 442 A.2d 256, 258–259 (1982). Whether the travelers' checks, which appellant had been accused of stealing and negotiating, were properly authenticated before being received into evidence was an issue which appellant waived when he withdrew his post-trial motions. Appellant argues, however, that trial counsel was ineffective because he allowed appellant to waive this issue. There is no merit in this conten-

tion. In the first place, the effect of withdrawing his post-trial motions was fully explained to appellant by the court (N.T. 6/8/81, pp. 21–22). Secondly, appellant acknowledged at the P.C.H.A. hearing that he had understood the consequences of withdrawing his post-trial motions prior to sentence (N.T. 2/23/84, pp. 13–14). The record demonstrates that appellant's withdrawal of post-trial motions was a knowing and voluntary decision made by appellant.

Counsel was not ineffective because he recommended that appellant accept the plea bargain offered by the Commonwealth. Counsel's recommendation was not only reasonable but clearly calculated to serve the interests of appellant. It was recommended in order that appellant might receive a sentence recommendation which the District Attorney would not otherwise have made.

Finally, appellant argues that trial counsel was ineffective for failing to file a timely motion to suppress appellant's confession. The only basis for suppressing the confession was that appellant, because of drug abuse, was "disoriented" when, on December 19, 1980, he voluntarily surrendered to police, waived his rights under *Miranda,* and made an inculpatory statement. His counsel testified, and the P.C.H.A. court found, that appellant had told his trial counsel only a few days before trial that he was "disoriented" at the time of his statement and that counsel had moved immediately to suppress the same. Because this was only a few days before trial was scheduled to commence, however, the court dismissed the motion. The P.C.H.A. court found that this delay had been attributable to appellant and that counsel had not been ineffective. The record discloses no good reason for interfering with the P.C.H.A. court's finding.

Moreover, appellant presented evidence at his trial that he had been "upset" and "disoriented" at the time of making his statement. The evidence which he presented was rejected by the jury. His evidence was wholly inadequate to render his statement involuntary. He had surren-

dered himself voluntarily, and, in the company of his priest, had voluntarily waived his *Miranda* rights and had made an inculpatory statement. Appellant's claim of "disorientation" was subjective and was wholly inadequate to support suppression of his statement. See: *United States ex rel. Bishop v. Rundle,* 309 F.Supp. 312 (E.D.Pa.1970), *aff'd,* 437 F.2d 204 (3rd Cir.1971); *Commonwealth v. Dussinger,* 478 Pa. 182, 386 A.2d 500 (1978); *Commonwealth v. Culberson,* 467 Pa. 424, 358 A.2d 416 (1976); *Commonwealth v. Kuhn,* 327 Pa.Super. 72, 475 A.2d 103 (1984); *Commonwealth v. Dewitt,* 271 Pa.Super. 156, 412 A.2d 623 (1979); *Commonwealth v. Watson,* 239 Pa.Super. 426, 360 A.2d 710 (1976). It cannot be said, therefore, that appellant was prejudiced in any way because the suppression motion had been untimely filed. See: *Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984).

Order affirmed.