J-S12007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRANDIN LEE KASICK | |
| Appellant | No. 1760 EDA 2015 |

Appeal from the PCRA Order April 24, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004708-2011

BEFORE:  MUNDY, J., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 11, 2016**

Appellant, Brandin Lee Kasick, appeals *pro se* from the April 24, 2015 order dismissing, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful consideration, we conclude Appellant has waived his right to file a PCRA petition and, therefore, we affirm.

We summarize the pertinent procedural history of this case as follows. On September 21, 2011, Appellant was arrested and charged with two counts of homicide in connection with the deaths of an elderly woman and her daughter, whose throats had been slit in the course of an apparent robbery in their home.  On January 14, 2014, Appellant entered a negotiated

---

[*] Retired Senior Judge assigned to the Superior Court.

*nolo contendere* plea to two counts of first-degree murder. In accord with the plea agreement, the Commonwealth withdrew its request for a death penalty, and, in exchange, Appellant waived his direct appeal and post-conviction rights. **See** Written Waiver of Appeal Rights Colloquy, 1/14/14, 1-7. On the same day Appellant entered his plea, the trial court sentenced him to two consecutive terms of life imprisonment without possibility of parole. No direct appeal was filed. On or before February 12, 2015, Appellant filed a timely *pro se* PCRA petition.[1] By order entered that day, the PCRA court appointed Sean Thomas Poll, Esquire, to represent Appellant. On March 30, 2015, Attorney Poll filed a motion to withdraw and a **Turner**/**Finley** letter.[2] On March 31, 2015, the PCRA court filed a notice of its intent to dismiss Appellant's PCRA petition without a hearing, pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed a *pro se*

---

[1] On April 2, 2014, Appellant filed a *pro se* "Motion to File an Appeal Extension," which the trial court denied on April 7, 2014. On October 28 2014, Appellant filed a *pro se* motion for transcripts, which the trial court denied by order entered on November 14, 2014. In neither instance did the trial court treat Appellant's filings as a PCRA petition, or appoint counsel to represent Appellant. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (noting"[t]here is no requirement that a PCRA petition be on any particular form," and recognizing that post-sentence filings requesting relief cognizable under the PCRA should be treated as PCRA petitions). The instant PCRA petition was docketed on February 12, 2015 as an attachment to the PCRA court's order appointing counsel. The petition, however, bears a time stamp from Judge Banach's chambers of January 16, 2015.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

response to Attorney Poll's motion to withdraw and the trial court's notice of intent to dismiss on April 17, 2015. On April 24, 2015, the PCRA court dismissed Appellant's *pro se* PCRA petition without a hearing. The PCRA court did not address Attorney Poll's motion to withdraw at that time. On May 26, 2015, Appellant filed a *pro se* notice of appeal.[3]

_____

[3] May 24, 2015, the 30th day following the PCRA court's April 24, 2015 order, fell on a Sunday, and Monday, May 25, 2015, was a Court holiday. Accordingly, Appellant's *pro se* notice of appeal was timely filed. **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday …, such day shall be omitted from the computation"). We further note that Appellant was represented by counsel when he filed his *pro se* notice of appeal implicating the prohibition against hybrid representation.

We have held that a criminal defendant's *pro se* actions have no legal effect while he or she remains represented by counsel. **Commonwealth v. Hall**, 476 A.2d 7, 9-10 (Pa. Super. 1984); **see also Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (noting that a defendant's *pro se* filings while represented by counsel are legal nullities), *appeal denied*, 936 A.2d 40 (Pa. 2007); **Commonwealth v. Pursell**, 724 A.2d 293, 301 (Pa. 1999) (holding, based upon principles discouraging hybrid representation, that only issues presented in a counseled amended PCRA petition shall be addressed by the PCRA court), *cert. denied*, **Pursell v. Pennsylvania**, 528 U.S. 975 (1999). However, our Supreme Court has held that a *pro se* notice of appeal filed by an appellant while represented by counsel shall be considered merely premature if counsel and the trial court take appropriate actions to perfect the appeal. **Cooper**, **supra** at 1008 (Pa. 2011).

Instantly, upon receipt of Appellant's *pro se* notice of appeal, the clerk of courts alerted Appellant as to defects with the notice of appeal regarding the payment of a fee or obtaining leave to proceed *in forma pauperis*. On June 9, 2015, Appellant subsequently filed for leave to proceed *in forma pauperis* together with a second, superfluous notice of appeal. On June 15, 2015, the PCRA court granted counsel's motion to withdraw and granted Appellant leave to proceed *in forma pauperis*. Accordingly, per **Cooper**, we
*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issues for our review.

> 1.    Did counsel render ineffective assistance for failing to conduct pre-trial investigation and render ineffective assistance for failing to utilize funds available to acquire evidence of actual innocence, and did counsel render ineffective assistance for coercing [Appellant] to plea[d] nolo contendere when there is a greater chance of being found not guilty by jury trial based on a lack of evidence showing guilt?
>
> 2.    Has the district attorney withheld material DNA evidence and other evidence showing [Appellant's] factual innocence and has this deprived [Appellant] of 14th Amendment due process right to fairness in the judicial process?
>
> 3.    Did judicial misconduct occur in the plea process when there was no factual basis for the plea placed on the record?
>
> 4.    Did the [PCRA] court commit plain error in it's [sic] review of [Appellant's] [PCRA] petition, and did the [PCRA] court commit reversible error by appointing unrequested counsel and then allow[ing] counsel to withdraw without a hearing, and is [Appellant] entitled to withdraw the plea and proceed to trial?

Appellant's Brief at 5.

"Our standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the

_(Footnote Continued)_ ————————————

deem Appellant's premature *pro se* notice of appeal to be timely and perfected.

findings in the certified record." ***Commonwealth v. Melendez-Negron***, 123 A.3d 1087, 1090 (Pa. Super. 2015) (citation omitted).

> To be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2), his claims have "not been previously litigated or waived[,]" and "the failure to litigate the issue prior to or during trial, … or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." ***Id.***, § 9543(a)(3)-(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" ***Id.***, § 9544(a)(2). An issue is waived if appellant "could have raised it but failed to do so before trial, at trial, … on appeal or in a prior state post[-]conviction proceeding." ***Id.***, § 9544(b).

***Commonwealth v. Fears***, 86 A.3d 795, 803-804 (Pa. 2014).

In this case, because the PCRA court dismissed Appellant's petition without first conducting a hearing, we note the following.

> [A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa. Super. 2015) (internal quotation marks and citations omitted).

J-S12007-16

As remarked by the Commonwealth and the PCRA court, as part of his plea agreement, Appellant agreed to waive his direct appeal rights and his right to collaterally challenge his plea. Commonwealth's Brief at 9-10; PCRA Court Order 4/24/15, at 2 n.2; *see* Written Waiver of Appeal Rights Colloquy, 1/14/14, 1-7. We proceed to address the validity of this waiver as a threshold issue.

> This Court has recognized "the importance of the plea bargaining process as a significant part of the criminal justice system. Under this aspect of the system, a defendant is permitted to waive valuable rights in exchange for important concessions by the Commonwealth when the defendant is facing a slim possibility of acquittal."

*Commonwealth v. Widmer*, 120 A.3d 1023, 1027 (Pa. Super. 2015), *quoting* *Commonwealth v. Byrne*, 833 A.2d 729, 735 (Pa. Super. 2003).

> It is beyond cavil that a defendant has an absolute right to appeal, *Pa. Const.* art. V, sec. 9, and the ultimate decision of whether to do so must be made by the defendant and not counsel. At the same time, it is well settled that a defendant may waive the right to appeal, provided such waiver is a knowing and intelligent act on the part of a defendant.

*Commonwealth v. Dosch*, 501 A.2d 667, 670 (Pa. Super. 1985) (internal quotation marks and citations omitted) (holding the defendant's knowing and voluntary waiver of post-trial review in one case, as part of a plea bargain in a separate case, was valid).

> We are aware of no authority that provides an impediment to a defendant's express, knowing, and voluntary waiver of a statutory right if that waiver is

key in obtaining a bargained-for exchange from the Commonwealth. Indeed… the case law supports the conclusion that a statutory right can be waived.

*Byrne*, *supra* at 736. "Most jurisdictions permit a capital defendant to waive direct appellate review and/or post-conviction proceedings, and Pennsylvania is no exception." *Commonwealth v. Saranchak*, 810 A.2d 1197, 1199 (Pa. 2002).

It is axiomatic, however, that guilty pleas, including *nolo contendere* pleas, and waivers of constitutional rights must be made knowingly, intelligently, and voluntarily. *See Dosch*, *supra*.

> The determination whether an accused has knowingly and voluntarily waived his constitutional rights depends on the facts of each particular case. These circumstances include the background, experience, and conduct of the accused. The government has the burden to prove, by a preponderance of the evidence, that the waiver was the product of a free and deliberate choice rather than intimidation, coercion, or deception and was made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it.

*Commonwealth v. Kunkle*, 79 A.3d 1173, 1182 (Pa. Super. 2013) (internal quotation marks and citations omitted), *appeal denied*, 114 A.3d 1039 (Pa. 2015).

Instantly, Appellant claims his plea, and by extension his waiver of his direct appeal and collateral challenge rights, were not voluntary, but were coerced by his plea counsel. Specifically, Appellant claims that the trial court had authorized significant resources to the defense for representation

and investigation purposes, but that "after all that [m]oney was granted to Counsel for [Appellant's] [d]efense [c]ounsel [c]oercively forced [Appellant] to [p]lea *[n]olo [c]ontendere* to the Commonwealth's allegations in the Information alleging the [s]tatute [v]iolations." Appellant's Brief at 10-11. Appellant surmises that a more extensive investigation would have raised a question as to the correct time of death, which in turn would have bolstered an alibi defense. *Id.* at 12-14. "[Plea counsel] rendered further ineffective assistance by coercing [Appellant] to believe he had no chance of wining [sic] a [t]rial by [j]ury and that it would be best for him to [p]lea *[n]olo [c]ontendere* to the [c]rimes [a]lleged, under the warped concept that he would maintain his innocence…." *Id.* at 15.

> [A]s a result of Counsels[']³ action [Appellant] was deprived of the [r]ight to the effective assistance of [c]ounsel for his defense and his 6th and 14th Amendment right to have a [t]rial by [j]ury, thus, the [p]lea of *[n]olo [c]ontendere* must be [w]ithdrawn and [Appellant] must be permitted to proceed to [t]rial before a [j]ury, wherein the clear [d]efense of [a]libi can be presented … or in the least this matter should be remanded back to the [t]rial/[p]lea [c]ourt so that a[] [r]ecord can be created so that [plea counsel] can explain why they coerced [Appellant] ….

*Id.* at 16-17.

Appellant's contentions are belied by the record. We recognize that "[a] valid guilty plea must be the defendant's own voluntary and intelligent choice, not merely the choice of counsel." ***Commonwealth v. Velasquez***, 263 A.2d 351, 353 (Pa. 1970) (citation omitted). However, "[d]isappointed

- 8 -

expectations alone do not vitiate guilty pleas*.* Likewise, a desire to limit one's penalty by pleading guilty is not a ground on which to base a claim of involuntariness." **Commonwealth v. Siers**, 464 A.2d 1307, 1311 (Pa. Super. 1983) (citations omitted). In addition, an appellant may not challenge the voluntariness of a guilty plea by asserting he lied under oath during the trial court's colloquy. **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003).

Here, at the time of his plea, Appellant was fully aware of the circumstances he now cites as supporting a defense at trial. These include the facts supporting the charges against him, the extent of the defense investigations, and any potential alibi defense he might have.[4] Even if plea counsel opined about Appellant's chances if the case proceeded to trial, and advised Appellant to accept the plea offer in this case, such would not constitute coercion. **Cf. Velasquez**, **supra** (holding where, *inter alia*, counsel sought to withdraw if defendant would not accept a plea, subsequent plea was not voluntary).

---

[4] As recited by the Commonwealth during Appellant's plea hearing, those facts include, *inter alia*, Appellant's admission, corroborating witness statements, that he solicited others to help him rob the victims; Appellant's departure shortly after the murders for Florida, flush with an unaccustomed amount of cash; Appellant's statement to one of his girlfriends that he was present at the victims' home at the time of the murders, but "that it wasn't supposed to go down like that"; and blood matching one of the victims found on a pair of Appellant's sneakers. **See** N.T., 1/14/14, at 49-55.

Instantly, Appellant signed a written plea agreement wherein he expressly waived his right to file an appeal or a collateral attack on his plea. *See* Written Waiver of Appeal Rights Colloquy, 1/14/14, 1-7. Therein, Appellant further acknowledged the following.

> 6. …
>
> > g. I agree to never seek or file, or have filed on my behalf, any claims of ineffective assistance of counsel, including but not limited to: a claim of lack of preparation for trial, lack of defense strategy, failure to file pre-trial motions and/or a claim of any defense attorney errors. I know that I am now giving up these rights forever.
>
> > …
>
> 9. I have read this colloquy same, in its entirety, with my counsel Paul Levy, Esquire and David Melman, Esquire. I have no questions regarding the terms and conditions of this agreement and I understand exactly what is written here.
>
> 10. I am satisfied with advice and service I have received from my counsel Paul Levy[,] Esquire and David Melman, Esquire. I have discussed my case fully with defense counsel. My Lawyers have spent sufficient time on my case and I had sufficient time to discuss my case fully with my lawyers.
>
> 11. My lawyers, Paul Levy, Esquire and David Melman, Esquire, have left the final decision as to what to do on my case with me, and I have decided, myself, to accept the terms and conditions of this agreement.
>
> 12. My lawyers, Paul Levy, Esquire and David Melman, Esquire, have fully explained to me what it means to accept the terms and conditions of this agreement and have reviewed and explained this written agreement colloquy with me and it is my

decision to accept all terms and conditions this written agreement.

13. I admit and acknowledge that the Commonwealth has sufficient evidence to convict me of two (2) counts of First Degree Murder for the deaths of Althea and Jeannette Walbert.

*Id.* at 4, 6 ¶¶ 6-g, 9-13.

In addition, the trial court performed an extensive oral colloquy advising Appellant of the nature of the charges, the nature of a *nolo contendere* plea, a summary of the facts underlying the charges, the elements of the plea agreement, and the rights Appellant gives up by entering his plea. N.T., 1/14/14, 1-24. During the colloquy, Appellant unequivocally stated he had explored all issues with plea counsel and that he was satisfied with their representation. *Id.* at 30-31, 35. Appellant denied anyone forced him to enter his plea. *Id.* at 36. Additionally, the trial court carefully reviewed with Appellant his waiver of his appeal and collateral challenge rights, to which Appellant acknowledged his understanding and agreement. *Id.* at 37-40. That exchange included the following.

THE COURT: Okay. Again, you can't and you won't make allegations about your counsel, Correct?

[APPELLANT]: Yes, Your Honor.

THE COURT: You won't come back and say the reason that I ended up pleading was because my counsel were two dopes who led me astray.

[APPELLANT]: No, Your Honor.

*Id.* at 40.

- 11 -

Our review of the record leads us to conclude Appellant's *nolo contendere* plea and his waiver of his collateral challenge rights were knowing, intelligent and voluntary. Appellant has alleged nothing to support his self-serving allegation of coercion by plea counsel. His speculations about a possible defense are not based on new or unknown facts and do not support his claim of coercion. We agree with the PCRA court that Appellant's right to seek post-conviction relief was validly waived and Appellant is not entitled to relief. **See *Kunkle*, *supra*; *Dosch*, *supra*.** Accordingly we affirm the PCRA court's April 24, 2015 order dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2016