J-S34022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL JOSHUA GONZALEZ | |
| Appellant | No. 1629 MDA 2015 |

Appeal from the Order Entered August 24, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0005599-2013

BEFORE:  PANELLA, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 22, 2016**

Appellant Daniel Joshua Gonzalez appeals from the August 24, 2015 order of the Court of Common Pleas of Lancaster County ("PCRA court"), denying his petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history underlying this case are uncontested. As recounted by the PCRA court:

> On December 23, 2013, the Commonwealth filed a [c]riminal [i]nformation charging Appellant with one count of [a]ggravated [a]ssault [(18 Pa.C.S.A. § 2702(a)(1)] and one count of [c]riminal [c]onspiracy to commit [a]ggravated [a]ssault [(18 Pa.C.S.A. § 903(a))], both felonies of the first degree.  Those charges arose out of an incident which occurred on October 22, 2013, where Appellant and several other individuals allegedly punched and kicked Tyron Sheppard ("victim") in the head, rendering him unconscious.  Appellant then proceeded to bend over and slash the victim's face and neck area with an unknown edged weapon, causing a deep cut

to the neck. On June 17, 2014, a jury found Appellant guilty on both counts after a two-day trial.

On June 18, 2014, an order was entered directing that a [p]re-[s]entence [i]nvestigation ("PSI") [r]eport be completed. On August 25, 2014, a [s]entencing hearing was held before th[e trial c]ourt, at which time Appellant was sentenced on [c]ount 1 to a period of incarceration of not less than 10 years nor more than 20 years. On [c]ount 2, Appellant was sentenced to a period of incarceration of not less than 10 years nor more than 20 years, to be served consecutively to the sentence imposed on [c]ount 1.[FN1] The result was an aggregate sentence of not less than 20 years nor more than 40 years' imprisonment in the state correctional institution.

FN1. These sentences were in accord with the statutory maximum sentence of 20 years' imprisonment for each count. *See* 18 Pa.C.S.A. § 1103.

On August 29, 2014, Appellant's trial counsel, Christopher P. Lyden, Esquire, filed a [p]ost-[s]entence [m]otion, which included an assertion that the deadly weapon enhancement contained in the sentencing guidelines was unconstitutional because it permits a judge and not a jury to determine whether a defendant used a deadly weapon during the commission of a crime. Trial counsel asserted that Appellant should be re-sentenced without application of the deadly weapon enhancement. On September 16, 2014, the trial court entered an order denying Appellant's [p]ost-[s]entence [m]otion.

On September 30, 2014, Appellant's trial counsel filed a [n]otice of [a]ppeal from the order denying his [p]ost-[s]entence [m]otion. On October 6, 2014, trial counsel filed a [s]tatement of [m]atters [c]omplained of on [a]ppeal ("Statement"), alleging that the trial court erred in failing to find the deadly weapon enhancement in the sentencing guidelines unconstitutional pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014), where the jury did not find beyond a reasonable doubt the enhancement applied. Counsel asserted Appellant was entitled to a new sentencing hearing based on this alleged error.

On October 29, 2014, during the pendency of his direct appeal, Appellant filed a *pro se* PCRA Motion, alleging, inter alia, that trial counsel provided ineffective assistance of counsel.

- 2 -

Thus, trial counsel sent Appellant a letter dated November 5, 2014, advising Appellant that he would have to discontinue his direct appeal if he wished to pursue a PCRA claim of ineffective assistance of counsel at the present time. Appellant thereafter signed a [p]raecipe for [d]iscontinuance[1] and mailed it back to trial counsel. As a result, trial counsel filed a [p]raecipe with the Superior Court of Pennsylvania seeking to withdraw and discontinue Appellant's direct appeal, which was granted on November 25, 2014.

On December 3, 2014, the trial court entered an order dismissing without prejudice Appellant's PCRA [m]otion, noting that the court lacked jurisdiction over the PCRA [m]otion because it was filed during the pendency of a direct appeal. On January 15, 2015, Appellant refiled his *pro se* PCRA [petition], at which time R. Russel Pugh, Esquire, was appointed as Appellant's PCRA counsel. On March 17, 2015, PCRA counsel filed an [a]mended PCRA [p]etition, alleging Appellant was denied his right to a direct appeal from judgment of sentence by the ineffective assistance of his trial counsel, who failed to explain the legal consequences of the withdrawal and discontinuance of his direct appeal. As relief, PCRA counsel was requesting reinstatement of Appellant's direct appeal, *nunc pro tunc*.

On June 17, 2015, the [PCRA c]ourt conducted an evidentiary hearing to address Appellant's Amended PCRA [p]etition.[2] Following the hearing, the record was transcribed and the issues were briefed by counsel for both parties. In accordance with Pennsylvania Rule of Criminal Procedure 908, [the PCRA court] then conducted an independent review of the record. On August 24, 2015, the [PCRA c]ourt issued an opinion

_____

[1] Our review of the record reveals that Appellant did not sign a praecipe but rather a motion to discontinue the appeal.

[2] At the PCRA hearing, Appellant's appointed counsel confirmed that Appellant would pursue the same claim in a *nunc pro tunc* direct appeal that he raised in his discontinued direct appeal. N.T., PCRA Hearing, 6/17/15 at 24. That claim was, as noted earlier, whether the trial court erred under **Alleyne** in applying the deadly weapon enhancement pursuant to 204 Pa. Code § 303.9.

and order dismissing Appellant's [a]mended PCRA [p]etition, finding Appellant failed to meet his burden of proving that trial counsel was ineffective or there was any resulting prejudice from trial counsel's withdrawal of Appellant's direct appeal.

On September 22, 2015, Appellant filed a [n]otice of [a]ppeal to the Superior Court of Pennsylvania. A [Rule 1925(b) statement] was submitted on October 8, 2015, asserting that trial counsel provided ineffective assistance of counsel and the lower court erred in denying post-conviction relief where the discontinuance by trial counsel of Appellant's direct appeal denied Appellant his right to appeal from judgment of sentence. In the alternative, Appellant alleges the Commonwealth did not meet its burden of proving a valid waiver by Appellant of his right to a direct appeal from judgment of sentence.

PCRA Court Opinion, 10/19/15, at 1-4 (internal record citations and some footnotes omitted).

On appeal,[3] Appellant repeats the same two arguments. For ease of disposition, we combine Appellant's issues and restate them as follows. Whether the PCRA court erred in denying his PCRA petition when his trial counsel rendered ineffective assistance by discontinuing Appellant's direct appeal without properly colloquying him on the record to ensure that he knowingly and intelligently waived his appeal rights. **See** Appellant's Brief at 1.

---

[3] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the '**Pierce**[4] test,' or the claim fails."[5] **Id.**

It is settled that

> [i]t is beyond cavil that a defendant has an absolute right to appeal, Pa. CONST. Art. V, Sec. 9, and the ultimate decision of whether to do so must be made by the defendant and not counsel. At the same time, it is well settled that a defendant may waive the right to appeal, provided such waiver is a "knowing and intelligent" act on the part of a defendant.

**Commonwealth v. Dosch**, 501 A.2d 667, 670 (Pa. Super. 1985).

_____

[4] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

[5] Prejudice is presumed, however, in situations where counsel is ineffective *per se*. **Commonwealth v. Haun**, 32 A.23d 697, 700 (Pa. 2011) (quoting **Commonwealth v. Lantzy**, 736 A.2d 564, 570-71 (Pa. 1999)). Generally, counsel is ineffective *per se* if he or she fails to file a **requested** appeal. **See Haun**, **supra**; **see Commonwealth v. Johnson**, 889 A.2d 620, 622 (Pa. Super. 2005) (noting that a defendant "who is deprived entirely of his right of direct appeal . . . is *per se* without effective assistance of counsel, and is entitled to reinstatement of his direct appeal rights."). The case before us does not involve a situation implicating ineffectiveness *per se.*

Because we consider the third *Pierce* prong, *i.e.*, prejudice, to be dispositive of this appeal, we need not determine the first two prongs.[6]  As stated, after Appellant filed a *pro se* PCRA petition during the pendency of his direct appeal, trial counsel sent him a letter advising him to discontinue the direct appeal if Appellant wished to pursue the PCRA claims.  Eventually, Appellant signed a motion to discontinue the appeal, resulting in the termination of the appeal.  Appellant now asserts that trial counsel was ineffective and seeks to have his direct appeal rights restored *nunc pro tunc*.

Appellant's ineffectiveness claim is premised on the argument that trial counsel failed to apprise him of the consequences of relinquishing his direct appeal rights.  To prevail on an effectiveness claim, Appellant must demonstrate, *inter alia*, that he was prejudiced.  It is settled that a petitioner establishes prejudice by demonstrating that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.  *Commonwealth v. Hutchinson*, 25 A.3d 277, 285 (Pa. 2011) (citation omitted).  Thus, to establish prejudice here, Appellant must demonstrate that the issue on direct appeal was meritorious and that he would have prevailed but for trial counsel's ineffective advice

_____

[6] Although we do not rule on whether Appellant's ineffectiveness claim has arguable merit, we note that the record is bereft of any indication that trial counsel advised Appellant of the consequences of terminating his direct appeal rights prior to discontinuing the appeal.  *See* Trial Counsel's Letter, 11/5/14.

regarding termination of direct appeal. To reiterate, the sole issue raised on the discontinued direct appeal was whether the trial court had erred under **Alleyne** and related cases in applying the deadly weapon enhancement pursuant to 204 Pa. Code § 303.9. We agree with the PCRA court's conclusion that the application of the deadly weapon enhancement does not run afoul of the **Alleyne** line of cases concerning the application of mandatory minimum sentences. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*) (noting that **Alleyne** is inapplicable to the use of the deadly weapon enhancement when determining a defendant's sentencing range). As we recently explained in **Commonwealth v. Ali**, 112 A.3d at 1210 (Pa. Super. 2015), *appeal granted on other grounds*, 127 A.3d 1286 (Pa. 2015):

> **Alleyne** has no application to the sentencing enhancements at issue in this case. The parameters of **Alleyne** are limited to the imposition of mandatory minimum sentences, *i.e.*, where a legislature has prescribed a mandatory baseline sentence that a trial court must apply if certain conditions are met. The sentencing enhancements at issue impose no such floor. Rather, the enhancements only direct a sentencing court to consider a different range of potential minimum sentences, while preserving a trial court's discretion to fashion an individual sentence. By their very character, sentencing enhancements do not share the attributes of a mandatory minimum sentence that the Supreme Court held to be elements of the offense that must be submitted to a jury. The enhancements do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted. They require only that a court consider a higher range of possible minimum sentences. Even then, the trial court need not sentence within that range; the court only must consider it. Thus, even though the triggering facts must be found by the judge and not the jury—which is one

of the elements of an **Apprendi**[7] or **Alleyne** analysis—the enhancements that the trial court applied in this case are not unconstitutional under **Alleyne**.

. . . The enhancements do not bind the trial court to impose any particular sentence, nor do they compel the court to sentence within the specified range. Indeed, it is well-settled that the sentencing guidelines ultimately are only advisory. **Commonwealth v. Griffin**, 804 A.2d 1, 8 (Pa. Super. 2002). Thus, **Alleyne** has no application to the enhancements.

**Ali**, A.3d at 1226. Because Appellant would not have obtained relief on the **Alleyne** issue raised in the discontinued direct appeal, he does not satisfy the third **Pierce** prong—prejudice. In other words, we cannot conclude that the discontinuation of Appellant's direct appeal produced a different result than a proper disposition of the direct appeal itself would have produced. Accordingly, we conclude that the PCRA court did not err in denying Appellant's PCRA petition seeking reinstatement of his direct appeal rights *nunc pro tunc*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016

---

[7] **Apprendi v. New Jersey**, 120 S. Ct. 2348 (2000).